**Karen S. ZELMER, Plaintiff–Appellant,**

v.

**Jo Anne BARNHART,\* Commissioner of the Social Security Administration, Defendant–Appellee.**

**No. 01–16974.**

**D.C. No. CV–00–20554–RMW.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 9, 2002.\*\*

Decided Sept. 17, 2002.

Before HUG, O'SCANNLAIN, and TASHIMA, Circuit Judges.

MEMORANDUM \*\*\*

Karen S. Zelmer appeals pro se the district court's summary judgment for the Commissioner of the Social Security Administration ("Commissioner") affirming the decision to deny her application for widow's disability benefits pursuant to Ti-

---

\* Jo Anne B. Barnhart is substituted for her predecessor as Commissioner of the Social Security Administration, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

tle II of the Social Security Act, 42 U.S.C. § 402. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's order and will uphold the Commissioner's decision if it is supported by substantial evidence and free of legal error. *Pagter v. Massanari*, 250 F.3d 1255, 1258 (9th Cir.2001). We affirm.

Zelmer contends the Administrative Law Judge ("ALJ") erred by reducing her widow's insurance benefits in light of her retirement benefits from the United States Postal Service ("USPS"), because the USPS is not part of the federal government. *See* 42 U.S.C. § 402(e)(7)(A). Contrary to Zelmer's contention, the USPS is a part of the federal government. *See Silver v. USPS*, 951 F.2d 1033, 1035–36 (9th Cir.1991) (per curiam) (stating that the USPS is a part of the executive branch and that USPS employees are part of the civil service). Accordingly, the Commissioner properly offset Zelmer's widow's insurance benefits. *See Heckler v. Mathews*, 465 U.S. 728, 748–50, 104 S.Ct. 1387, 79 L.Ed.2d 646 (1984).

Furthermore, the ALJ properly denied Zelmer's request for a change of venue because Zelmer failed to produce evidence that her representative was unable to travel or that any other basis for good cause existed. *See* 20 C.F.R. § 404.936(b) (permitting the ALJ to change the place where a hearing is held upon a showing of good cause).

Zelmer's remaining contentions lack merit.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.